UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Criminal Case No. 22-20642
                                        Honorable Linda V. Parker

D-2 BRANDON CARTER,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO AMEND BOND CONDITION (ECF NO. 48)

On November 30, 2022, Defendant Brandon Carter was indicted for Conspiracy to Commit Theft of Firearms from Federal Firearms Licensees in violation of 18 U.S.C. §§ 371 and 922(u) (Count 1); Theft of a Firearm from a Federal Firearms Licensee; Aiding and Abetting in violation of 18 U.S.C. §§ 922(u), 2 (Counts 2 and 3); and Possession of a Stolen Firearm; Aiding and Abetting in violation of 18 U.S.C. §§ 922(j), 2 (Counts 4 and 5). The charges arise from allegations that Defendant and other co-defendants drove a stolen vehicle into a storefront, stealing approximately 47 firearms. This matter comes before the Court on Defendant's Motion to Amend Bond Condition. (ECF No. 48.) On June 6, 2023, Defendant pled guilty to Counts 1, 2 and 3 of the Indictment.

Defendant now requests that the Court remove a condition of his bond requiring a curfew restriction and impose a stand-alone monitoring with GPS, with no curfew or home detention restrictions.  Defendant currently resides with his mother.  The curfew condition allows him to be outside of the residence for five hours per day during the hours of 1:00 to 6:00 p.m., which were initially chosen by Defendant.  He states that his request for modification will allow him to spend more time with his two children, assist with their care, and allow him to receive medical care as needed for his seizure condition.  For the reasons that follow, the Court will deny Defendant's request for bond modification.

Pretrial Services has reported—and neither the government nor the Defendant dispute—that Defendant had initial challenges in finding an appropriate bond residence.  Such challenges included a condition that required minimal contact with his brother, Damond Jordan, who is also co-defendant in this case, and other relatives who decided against having Defendant reside with them.  This Court also notes, however, that Defendant was not forthcoming about the relationship he has with the persons living in two of the residences that he proposed for bond placement.

Further, following an inclement weather event, Defendant's mother's home—where he currently resides—was without power, which rendered him unable to charge his GPS tether as required under his Bond Conditions.  Defendant

provided a temporary address where he would stay until his power was restored. However, once power was restored at the home, Defendant failed to comply with the curfew requirements and did not stay at the approved temporary residence as instructed. Instead, Defendant stayed at two unapproved residences, failed to comply with his curfew, and frequently left the unapproved residence between the hours of 1:00-3:00 a.m.

Regarding Defendant's seizure condition, if he has scheduled medical appointments, Defendant need only contact his Pretrial Services officer to request permission to attend such appointments should they fall outside of his curfew window.

Notwithstanding this Court's authority at 18 U.S.C. § 3142(c)(3) to, at any time, amend the order to impose additional or different conditions of release, this Court denies Defendant's motion.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Amend Bond Condition (ECF No. 48) is **DENIED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 8, 2023